UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  3:05CV7057 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| $11,400 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion to Dismiss (#ECF DKT #14) filed by the Parties in Interest, Eliza Perez and James Nunn.  For the reasons that follow, the motion is denied.

**I.  FACTUAL BACKGROUND**

On February 22, 2005 , the Government filed a Civil Complaint in Forfeiture.  The Complaint alleges, that on May 26, 2004, law enforcement officers made a traffic stop in Toledo. Perez, who has a criminal drug history, and Nunn were in the vehicle. One of the

officers smelled the odor of marijuana coming from the vehicle and directed his canine "Mirza" to check the vehicle. The Complaint further states that Mirza gave a positive alert to Perez's purse, located on the front seat, and that the purse contained a small amount of marijuana. Additionally, Mirza gave a positive alert to the area under the passenger seat. The officers discovered a small storage drawer which contained the Defendant currency, in one-thousand-dollar bundles of twenty dollar bills.

Nunn and Perez have filed their Motion to Dismiss, arguing the Complaint in Forfeiture does not meet the particularity requirements of Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and, therefore, fails to state a claim upon which relief can be granted within the meaning of Fed. R. Civ. P. 12(b)(6).

## II. LAW AND ANALYSIS

**Standard of Review**

"A motion to dismiss under Fed. R. Civ. P. 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *United States of America v. One Parcel Of Property Located At 2556 Yale Avenue*, 20 F. Supp. 2d 1212, 1215 (W.D. Tennessee 1998), citing *Meador v. Cabinet for Human Resources*, 902 F. 2d 474, 475 (6th Cir. 1990)). A complaint should not be dismissed "unless it appears beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lillard v. Shelby County Bd. Of Educ.*, 76 F. 3d 716, 724

(6th Cir. 1996)

A civil forfeiture complaint must meet the pleading requirements of Supplemental Rule E(2)(a):

> In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

This standard is more stringent than that imposed by the Federal Rules of Civil Procedure, and is meant to ensure "that the government does not seize and hold, for a substantial period of time, property to which, in reality, it has no legitimate claim." *United States v. Real Property Located At 2323 Charms Road*, 946 F. 2d 437, 441 (6th Cir. 1991). The civil forfeiture complaint "must allege sufficient facts to provide a reasonable belief that the property is subject to forfeiture." *Id.*

Taking the allegations in the Government's complaint as true: the officers found a sizeable amount of currency in one-thousand-dollar bundles; marijuana was found in the vehicle; the drug-sniffing dog alerted to the presence of the odor of illegal narcotics on the money; and one of the interested parties has a criminal drug history. Despite the arguments that the amount of marijuana found was small, and that dog alerts have been questioned recently because of evidence that there is widespread contamination of currency, the Government has made a sufficient preliminary showing that the property confiscated was connected to illegal activity, and thus forfeitable. *See, United States of America v. $118,170.00 In U.S. Currency*, 69 Fed. Appx. 714 (6th Cir.2003).

## III. CONCLUSION

Under Fed. R. Civ. P. 12(b)(6) and Supplemental Rule (E)(2)(a), the Government's civil forfeiture complaint alleges sufficient facts to support a reasonable belief that the property seized is subject to forfeiture, and provides enough particularity to allow the claimants to investigate and frame a defense.  Therefore, the Court finds that the complaint states a cause of action upon which relief may be granted; and the Motion to Dismiss of Eliza Perez and James Nunn is, therefore, denied.

IT IS SO ORDERED.

DATE: 4/5/06

 s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge
(Signed original on file)